```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**RICHARD L. LAWSON,**

     **Plaintiff,**

v.                                     **Civil Action No. 2:07-00334**

**JEFF HALL, Sergeant
Correctional Officer,
Mount Olive Correctional
Complex, et al.,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

The original and renewed motions to dismiss filed by defendants Rhodes, Rubenstein, McBride, and Parry (collectively "supervisory defendants") (Doc. Nos. 4, 7), and the motion to dismiss filed by defendant Hall (Doc. No. 2), are currently pending before the court. By Standing Order entered on August 1, 2006, and filed in this case on May 25, 2007, this matter was referred to United States Magistrate Judge Mary E. Stanley. (Doc. No. 6.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendations concerning the disposition of this matter. (Id.) On February 28, 2008, Magistrate Judge Stanley submitted her Proposed Findings and Recommendations ("PF & R"), recommending that this court deny defendant Hall's motion to dismiss on all grounds, grant the supervisory defendants' motion to dismiss for failure to state a claim upon which relief could

be granted, dismiss all of the plaintiff's claims for money damages against all defendants in their official capacity, and permit the case to proceed against defendant Hall in his individual capacity. (Doc. No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to the magistrate judge's PF & R. Under § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

The plaintiff submitted timely objections to the PF & R on March 7, 2008. (Doc. No. 12.) The plaintiff's objections are either blatantly irrelevant, conclusory, or unresponsive to the PF & R, and are therefore overruled pursuant to Orpiano, 687 F.2d at 47. In fact, most of the plaintiff's objections affirm the recommendation of the magistrate judge. For instance, the plaintiff argues that his "original Complaint . . . obviously omitted several things" and that the court did not give "this pro

se litigant a chance to amend his complaint." (Doc. No. 12 at 4.)

The fact is that the plaintiff has never moved to amend. Nonetheless, if he so wishes he may still file such a motion. A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure generally is not final or on the merits and the court normally will give the plaintiff leave to file an amended complaint. Ostrzenski v. Seigel, 177 F.3d 245, 253 (4th Cir. 1999). The court will, however, note that courts infrequently grant motions to amend where such amendment would be futile or prejudicial to the defendants. Foman v. Davis, 371 U.S. 178, 182 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (explaining that leave to amend may be denied on the basis of futility when the proposed amendment is "clearly insufficient or frivolous on its face"). Thus, if the plaintiff chooses to file a motion to amend he must provide a plausible factual basis in support of the elements required under Shaw v. Stoud, 13 F.3d 791, 799 (4th Cir. 1994).

For the reasons set forth above, plaintiff's objections to the magistrate judge's PF & R are hereby **OVERRULED**. The court **ADOPTS** the factual and legal analysis contained within the PF & R (Doc. No. 11), **DENIES** defendant Hall's motion to dismiss (Doc. No. 2), **GRANTS** the supervisory defendants' original and renewed motions to dismiss for failure to state a claim upon which relief

could be granted (Doc. Nos. 4,7), **DISMISSES without prejudice** the supervisory defendants from this action, **DISMISSES** the plaintiff's claims for money damages against all the defendants in their official capacity, and **PERMITS** the case to proceed against defendant Hall in his individual capacity.

The Clerk is directed to provide a copy of this Memorandum Opinion to all counsel of record.

It is **SO ORDERED** this 24th day of March, 2008.

ENTER:

*David A. Faber*

David A. Faber
United States District Judge